## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| MICRO FOCUS (U.S.), INC.<br>700 King Farm Blvd., Suite 400<br>Rockville, Maryland 20850,<br><br>and<br><br>MICRO FOCUS (IP) LIMITED<br>The Lawn, 22-30 Old Bath Road<br>Newbury, Burkshire, RG14 IQN<br>United Kingdom,<br><br>and<br><br>MICRO FOCUS IP DEVELOPMENT LIMITED<br>The Lawn, 22-30 Old Bath Road<br>Newbury, Burkshire, RG14 IQN<br>United Kingdom,<br><br>       Plaintiffs<br><br>       v.<br><br>NATIONAL INFORMATION<br>CONSORTIUM TECHNOLOGIES, LLC<br>d/b/a NIC TECHNOLOGIES<br>1477 Chain Bridge Road, Suite 101<br>McLean, Virginia 22101,<br><br>       SERVE ON:<br><br>CT Corporation Systems<br>4701 Cox Road, Suite 301<br>Glen Allen, Virginia 23060-6802,<br><br>       Defendant. | Case No. 8-11-cv-00409-PJM |

## FIRST AMENDED COMPLAINT

Micro Focus (US), Inc. and Micro Focus (IP) Limited (collectively, "Micro Focus"), by their undersigned attorneys, sue National Information Consortium Technologies, LLC, which does business as and is referred to herein as "NIC Technologies," for compensatory damages in an amount to be established at trial and currently estimated to exceed Three Million Four Hundred Eighty-Seven Thousand Five Hundred Dollars ($3,487,500.00) and other relief.  In support of its claims, Micro Focus states:

### THE PARTIES

1.      Plaintiff Micro Focus (U.S.) Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland.  Micro Focus (U.S.), Inc. licenses and supports business enterprise computer software, and is the United States subsidiary of Micro Focus International plc, a public corporation based in the United Kingdom.

2.      Plaintiffs Micro Focus (IP) Limited and Micro Focus IP Development Limited are  United Kingdom corporations with their principal place of business in the United Kingdom.  Micro Focus (IP) Limited and Micro Focus IP Development Limited own or have an interest in various intellectual property rights, including the copyright at issue in this action, and are also  subsidiaries of Micro Focus International plc.

3.      Defendant, NIC Technologies, is a California limited liability company with its principal office in Kansas.  NIC Technologies is registered to do business in Virginia and its principal place of business in that State is identified in the caption of this Complaint.  NIC Technologies is a subsidiary of NIC, Inc., a publicly traded company which describes NIC Technologies' business as "design[ing] and develop[ing] online campaign expenditure and

ethics compliance systems for federal and state government agencies," including the Federal Election Commission.

## JURISDICTION AND VENUE

4.      Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 because NIC has contacts with Maryland that give rise to Micro Focus's claims in this action and that are continuous and systematic.

5.      In connection with the claims stated herein, NIC Technologies entered the contract at issue with Micro Focus by ordering software from Micro Focus's office in Maryland, transmitting payment for the software to Micro Focus in Maryland, receiving a CD-ROM disk containing the software from Maryland, and affirming, during the installation of the software, NIC Technologies' agreement to be bound by the terms of the contract.

6.      NIC Technologies later had numerous contacts with Micro Focus in Maryland, by telephone and electronic mail, concerning the parties' contract, including communications: seeking assistance with Micro Focus software; licensing an updated version of one of Micro Focus's products, making payments for goods or services; and discussing the nature of NIC Technologies' use of the software, and whether NIC Technologies required additional licenses for that use.

7.      Separately, NIC Technologies, using Micro Focus's software, performed certain services for the Federal Election Commission and, in connection with those services, transmitted electronic mails and facsimiles to numerous Maryland-based persons and entities.  Those services were commercial in nature and were a part of NIC Technologies' performance of its contract with the Federal Election Commission.

8.     In addition, upon information and belief, NIC Technologies has sufficiently continuous and systematic contacts with this State to be subject to this Court's general jurisdiction as a result of other services that NIC Technologies provides to the Federal Election Commission and the Department of Transportation or its Federal Motor Carrier Safety Administration, and through NIC Technologies' initiatives to develop relationships with business leaders and government officials in states such as Maryland that do not currently use NIC Technologies' services.

9.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because NIC Technologies can be found in Maryland, as demonstrated by the contacts described herein.

## NATURE OF THE ACTION

10.     This action arises from NIC Technologies' breaches of the license agreement that governs its use of Micro Focus's copyrighted software product known as Object COBOL Developer Suite V4.2 ("OCDS"). NIC Technologies also licensed and used another Micro Focus software product known as Net Express 2.0 ("Net Express") in connection with the project at issue.

11.     NIC Technologies incorporated technology from OCDS into a custom computer program, the use or benefits of which NIC has made and continues to make available to numerous individuals or organizations, specifically including the Federal Election Commission and users of its online facility for filing and retrieving information required by the Commission from certain persons, including candidates for federal office and political action committees.

12.     NIC Technologies was not permitted under its agreement with Micro Focus to use OCDS in this manner unless it obtained additional licenses from Micro Focus. NIC

Technologies has also failed in other ways to comply with obligations to Micro Focus established in the OCDS license agreement.

13.     NIC Technologies' use of OCDS in violation of a condition of its agreement with Micro Focus constitutes infringement of Micro Focus's copyright in that software. NIC Technologies' failure to comply with the terms of the license agreement constitutes a breach of that contract.

**FACTS COMMON TO ALL COUNTS**

**A.     The Software and NIC Technologies' Licenses**

14.     NIC Technologies licensed Net Express and OCDS from Micro Focus in or about 1999.

15.     Net Express and OCDS are original, proprietary, and copyrighted software products authored by and belonging to Micro Focus. Net Express and OCDS are registered copyrights under Title 17 of the United States Code. Micro Focus (IP) Limited is the registered owner of OCDS and Micro Focus (US), Inc. is authorized to license that product on behalf of   Micro Focus (IP) Limited.

16.     Net Express and OCDS perform similar functions, each consisting of a collection of tools for editing, compiling, and debugging computer applications written in COBOL, one of the oldest programming languages still prevalent in today's computing systems. Whereas Net Express functions in a Microsoft Windows environment, OCDS is used with UNIX operating systems.

17.     By debugging and improving software applications written in COBOL, Net Express and OCDS help programmers use existing COBOL source code in applications that can interface with more modern software.

18.     Net Express and OCDS translate source code from COBOL into a set of instructions that can be executed in a Windows or UNIX environment with other programs. For example, COBOL source code developed with Net Express or OCDS will employ Micro Focus's runtime system and application server files to handle system functions such as file and memory management.

19.     This process, sometimes referred to as "compiling" source code, results in a new software product that reflects and incorporates computer code from both the original COBOL application and the proprietary Micro Focus software. That is, the resulting compiled software application is able to be run on a computer system as a stand-alone software application, but it requires Micro Focus's proprietary software code to operate.

20.     The license agreements between Micro Focus and NIC Technologies are memorialized in an End User License Agreement ("EULA") for the Net Express and OCDS products. NIC Technologies purchased its original license to OCDS in December 2000. A true and accurate copy of the OCDS EULA is attached hereto as Exhibit A. In March 2003, NIC Technologies updated its technology by licensing from Micro Focus a more current version of OCDS.

21.     Users of Net Express and OCDS can purchase "development licenses" that permit the licensee to create and develop a new application and "deployment licenses" that permit the use of Micro Focus's software (as incorporated into such a newly created application) in a production environment. Licensees are not authorized to use Micro Focus's software in a production environment, either by itself for development purposes or as contained in the newly created software application, unless and until the necessary licenses are purchased.

22.     For Net Express, NIC Technologies purchased development licenses that included certain deployment licenses.  NIC Technologies was therefore entitled to develop new applications using Net Express and to deploy those applications in a manner that allowed others to use the software, provided that NIC Technologies complied with other conditions in the Net Express EULA.

23.     For OCDS, however, NIC Technologies purchased only a development license which did not include any deployment rights.  That is, the license strictly limits NIC Technologies' use of the software to development activities and prohibits any use in a production environment, including internal use by NIC Technologies, until the appropriate deployment licenses are purchases.  Specifically, the EULA that governs NIC Technologies' use of OCDS states that, **"Licensee shall have the right to use the Software solely for its own internal use and benefit."**  (Emphasis in original.)

24.     The OCDS EULA further prohibited NIC from, among other things, "transfer[ing] or mak[ing] available the Software to any third party"; "[c]opying and distribut[ing] the Software, in whole or in part, to third parties"; using the Software "for time sharing, hosting, service bureau or like purposes"; or otherwise using "the Software in a manner other than as specifically permitted in this License Agreement."

**B.      The "FECFile" Software Application**

25.     The Federal Election Commission is an independent regulatory agency of the United States Government charged by Congress with administering and enforcing federal campaign finance laws.  Federal law requires that "filers," such as candidates' campaigns and political action committees, report campaign contribution information to the FEC.

26.     The Commission permits filers to report campaign contribution information electronically, through a software application available over the internet known as "FECFile."

27.     FECFile offers a secure facility by which filers submit verified data to the Commission and receive confirmation that the data has been received.

28.     In or about the year 1999, NIC worked with the Commission to develop the FECFile application.

29.     NIC Technologies used Net Express and OCDS in the development of FECFile.

30.     NIC Technologies hosts FECFile on NIC Technologies' servers.

31.     Since development, part of the FECFile application has been made available to or used for the benefit of the Commission or third-party filers of campaign finance information.

32.     That part of the FECFile application runs on the Microsoft Windows operating system and uses COBOL source code, developed for the FECFile application with Net Express, to perform certain functions, including validating data entered by filers.

33.     After performing these "validation routines" in the Windows environment, filers submit their validated data files to UNIX servers operated by NIC Technologies.

34.     On NIC Technologies' UNIX servers, a program known as "Disclose" that NIC Technologies compiled from existing COBOL code using OCDS (thereby incorporating OCDS "runtime" code into the end product) performs various functions, one of which is to re-validate the data files submitted by the third-party filers.

35. Running Disclose (including embedded OCDS code) on NIC Technologies' servers, NIC Technologies generates an email or facsimile that is sent directly to each filer. At least hundreds of Maryland-based filers have used FECFile to report campaign finance data and have received such email or facsimile confirmations.

36. That communication confirms FECFile's receipt of the filer's submission. If the Disclose validation routine determines that the submission is correct, the email confirms acceptance of the filing; if the software cannot validate the submission's correctness, the email notifies the third-party filer that the submitted data file contains errors.

## C. NIC Technologies' Violation of the OCDS EULA

37. The OCDS EULA authorizes NIC Technologies to use OCDS "for its own use and benefit" to develop software using COBOL source code. But the EULA expressly prohibits NIC Technologies from copying or distributing the software "in whole or in part, for internal use without paying Micro Focus the applicable additional fees."

38. NIC Technologies has copied or distributed OCDS, in whole or in part, for internal use without paying the applicable additional fees. Specifically, NIC Technologies has copied that part of OCDS that is embedded into the Disclose program from the NIC Technologies computer that runs OCDS to at least two servers, without paying Micro Focus the fees it charges for such use.

39. The EULA also prohibits deploying applications developed with OCDS for the benefit of any third party unless NIC Technologies purchases deployment licenses for such production use.

40. Such deployment licenses are available only to users who purchase an additional software package, "Application Server" for OCDS, which is described but not

included in NIC Technologies' OCDS EULA.  That additional software contemplates NIC

Technologies using "Licensee Application Software" (i.e., "Licensee's own application

software product created using the [OCDS] Software") either: (i) for internal development

purposes; or (ii) to reproduce and distribute internally OCDS "in conjunction with and as part

of " the Licensee Application Software.

     41.    The OCDS EULA prohibits NIC Technologies from copying or distributing

the Licensee Application Software to any third parties unless NIC Technologies first

"enter[s] a separate distribution license with Micro Focus."

     42.    NIC Technologies was not permitted to make commercial production use of

OCDS through the artifice of running the Licensee Application Software on NIC

Technologies' computers while performing work for a third party.  Under the EULA,

unauthorized use and distribution "arises both by the explicit distribution of [OCDS]

Application Server or Application Server Files and by the implicit distribution and usage of

this functionality when linked into an application."

     43.    Instead, NIC Technologies was required, before using OCDS in a production

setting, to contact Micro Focus's sales representative for "production licensing options for

distribution to third parties."  Obtaining those additional licenses was a condition precedent

to NIC Technologies' right to use the OCDS computer code that is integrated into NIC

Technologies' Disclose validation software for the benefit of a third party such as the Federal

Election Commission or users of FECFile.

     44.    NIC Technologies has never purchased deployment licenses for OCDS.

     45.    FECFile, as developed and deployed by NIC Technologies, violates the OCDS

EULA by using Micro Focus proprietary technology in a manner not permitted by the

license.  Specifically, NIC Technologies uses Disclose, which incorporates portions of Micro Focus's copyrighted computer code, in a production environment without obtaining from Micro Focus the requisite production licenses.  Because the Disclose program is used for the benefit of the Federal Election Commission and provides the results of the OCDS-dependent validation routines to third-party filers by email, the Commission and filers receive a direct benefit of Micro Focus's OCDS technology, even though NIC Technologies has not paid for the license fees required by Micro Focus for deployment of the OCDS software.

46.     NIC Technologies has admitted that the FECFile application is accessed and used by more than 3,000 separate third-party users over a 12 month period and such users change over time.

## COUNT I
### (Breach of Contract)

47.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

48.     Because it incorporated OCDS in FECFile's UNIX-based validation routine, NIC Technologies was required to comply with restrictions in the OCDS EULA on deployment of the Disclose software.

49.     Those restrictions include a prohibition on third parties using or benefitting from OCDS because NIC Technologies did not purchase deployment licenses for OCDS.

50.     NIC Technologies breached its obligations under the OCDS EULA by making unauthorized copies of OCDS for internal use and by making the software available to third parties, or by using the software in a hosting or similar environment that gave third parties access to or the use or benefits of the software.

51.     As a direct result of Defendant NIC Technologies' contractual breaches, Micro Focus has suffered and continues to suffer monetary damages, including the loss of license fees to which it is entitled in connection with Defendant NIC Technologies' deployment of OCDS.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award compensatory damages against Defendant NIC Technologies in an amount to be established at trial and currently estimated to exceed Three Million Four Hundred Eighty-Seven Thousand Five Hundred Dollars ($3,487,500.00) based upon Micro Focus's deployment license fees and applicable maintenance fees;

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

### COUNT II
### (Copyright Infringement – Violation of 17 U.S.C. § 501)

52.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

53.     Defendant NIC Technologies has violated, and continues to violate, Micro Focus's registered copyright by making unauthorized copies of OCDS for internal use and by deploying its OCDS-developed application program, Disclose, in a production environment without paying applicable deployment license fees.

54.     That use constitutes copying of Micro Focus's registered copyrighted material, in violation of the exclusive rights conferred on Micro Focus under 17 U.S.C. § 106.

55.     Defendant NIC Technologies has infringed, and continues to infringe, upon Micro Focus's copyright, in violation of 17 U.S.C. § 501.

56.     As a direct result of such copyright infringement, Micro Focus has suffered, and will continue to suffer, monetary damages.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award Micro Focus, at Micro Focus's election, either actual damages and additional profits pursuant to 17 U.S.C. § 504(a) and (b), or statutory damages pursuant to 17 U.S.C. § 504(c);

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

## COUNT III
### (Declaratory Judgment)

57.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

58.     Micro Focus has asserted to Defendant NIC Technologies that, because its usage exceeds the licenses granted, Micro Focus is entitled to exercise its above-referenced common law and statutory rights, and Defendant NIC Technologies will be liable for the amount of such license and maintenance fees as NIC Technologies may be required to purchase based on its use and infringement of Micro Focus's OCDS copyrighted software.

59.     Defendant NIC Technologies has disputed Micro Focus's assertions concerning its rights.

60.    A declaration of the parties' actual rights and obligations will serve to end the controversy created by Defendant NIC Technologies' wrongful conduct.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)    declare that Defendant NIC Technologies'  usage has exceeded the licenses granted pursuant to the OCDS EULA;

(B)    declare that Defendant NIC Technologies is liable to Micro Focus for the value of such license and maintenance fees as NIC Technologies may be required to purchase based on its use and infringement of Micro Focus' s OCDS copyrighted software ;

(C)    award Micro Focus interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(D)    grant Micro Focus such other and further relief as may appear just and proper.

Respectfully submitted,

_____ /S/ _____
Geoffrey H. Genth, Bar No. 08735
Stuart M.G. Seraina, Bar No. 25971
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile

Attorneys for Plaintiff, Micro Focus (US), Inc.
and Micro Focus (IP) Limited

Dated: April 6, 2011.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Micro Focus (U.S.), Inc. and Micro Focus (IP) Limited, hereby demand a trial by jury of all issues triable of right by a jury.

_____/S/_____

Geoffrey H. Genth, Bar No. 08735
Stuart M.G. Seraina, Bar No. 25971
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile

Attorneys for Plaintiff, Micro Focus (US), Inc.
and Micro Focus (IP) Limited
